UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Qwinstar Corporation,  Civ. No. 15-2343 (PAM/BRT)

          Plaintiff,

v.  **MEMORANDUM AND ORDER**

Curtis Anthony and Pro
Logistics, LLC

          Defendants.

This matter is before the Court on Plaintiff's Motion to Amend (Docket No. 164) and Defendants' Second Motion for Summary Judgment. (Docket No. 168.) For the following reasons, Plaintiff's Motion to Amend is granted and Defendants' Second Motion for Summary Judgment is denied.

**BACKGROUND**

Plaintiff Qwinstar Corporation ("Qwinstar") is in the business of repairing and maintaining IBM 3890 check-processing machines. When the facts surrounding this dispute began, Defendant Pro Logistics, LLC ("Pro Logistics") was in the same business. At that time, Defendant Curtis Anthony claimed to be Pro Logistics' sole owner and sole employee. In 2012, the parties began negotiations for Qwinstar to acquire Pro Logistics.

In 2013, the parties entered into two separate but related contracts. First, Qwinstar and Anthony signed an Asset Purchase Agreement ("APA") in which Qwinstar agreed to purchase all of Pro Logistics' inventory and assets for $50,000. The APA is not at issue here.

Together with the APA, the parties also executed an Employment Agreement ("EA"), hiring Anthony for five years at a salary of $200,000 per year. The two contracts are related because, as Qwinstar has stated, "the employment agreement was really the vehicle to pay for [Pro Logistics'] parts." (Defs.' Supp. Mem. (Docket No. 170) Ex. 7 at 36.) The parties executed both agreements and Qwinstar began performance, paying for Pro Logistics' inventory and beginning payment of Anthony's salary. In 2014, Qwinstar became concerned that Anthony was misrepresenting Pro Logistics' inventory and selling some of that inventory to third parties. When Anthony failed to adequately explain the matter, Qwinstar fired him in January 2015, pursuant to a section in his employment agreement allowing for termination for "misappropriation or other material act of dishonesty against the company." (Defs.' Supp. Mem. at 15.)

In May 2015, Qwinstar sued Defendants for breach of contract, claiming that Anthony's actions constituted a breach of the APA. Anthony counterclaimed that Qwinstar breached the EA by wrongfully firing him and failing to pay his base salary and benefits for the entire five-year term regardless of his employment status or reason for termination. According to Qwinstar, the EA clearly provides for the continued payment of Anthony's salary only if the EA is terminated by his death or disability.

On an earlier motion for summary judgment, this Court ruled in favor of Defendants on both claims. The Eighth Circuit thereafter affirmed summary judgment as to the APA, but held that "[s]ummary judgment was inappropriate on Anthony's counterclaim because the contract provisions are ambiguous and reasonably susceptible to more than one

interpretation. As such, interpretation becomes a question of fact precluding summary judgment." Qwinstar Corp. v. Anthony, 882 F.3d 748, 757 (2018).

Two changes in circumstances led Qwinstar to file the instant Motion to Amend. First, Anthony was convicted of child sex trafficking on June 19, 2017. Second, in September 2017, Defendants notified Qwinstar that Anthony may not be the sole owner of Pro Logistics as he had claimed, because Anthony's wife, Frankie, also had an ownership interest. (See Shannon Decl. (Docket No. 172) Ex. 2.) In or around February 2018, Defendants notified Qwinstar that Ms. Anthony was in fact the sole owner of Pro Logistics. Qwinstar confirmed this in a deposition of Ms. Anthony on September 7, 2018.

Qwinstar now seeks to amend its Answer and add the defense of the after-acquired-evidence doctrine, which would limit Anthony's recoverable damages based on his recent criminal conviction and misrepresentation of ownership. Defendants oppose Qwinstar's Motion as untimely, futile, and unduly prejudicial.

Additionally, Defendants once again seek summary judgment on their breach-of-contract counterclaim. They argue that Qwinstar breached the contract by firing Anthony without cause and by failing to pay Anthony his entire five-year salary. Qwinstar argues that there are fact issues regarding the contractual language and whether Anthony was fired for cause. Qwinstar also argues that the Eighth Circuit's decision precludes Defendants' motion.

## DISCUSSION

### A. Motion to Amend

Federal Rule of Civil Procedure 15(a) governs the pre-trial amendment of pleadings and provides that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). However, when a motion for leave to amend is made after the deadline for bringing such motions has passed, the moving party must demonstrate "good cause." Fed. R. Civ. P. 16(b)(4). "The primary measure of good cause is the movant's diligence in attempting to meet the [scheduling] order's requirements." Sherman v. Winco Fireworks, Inc., 532 F.3d 709, 716-17 (8th Cir. 2008) (quotation omitted). Additionally, even if a party shows good cause, a motion to amend may be denied on "a finding of undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment." Doe v. Cassel, 403 F.3d 986, 990-91 (8th Cir. 2005) (quotation omitted).

Qwinstar seeks to amend its Answer and add the defense of the after-acquired-evidence doctrine, which "applies when an employee is fired for an unlawful reason but the employer later learns of other conduct that, by itself, would have resulted in discharge had it come to the employer's attention." Smith v. AS Am. Inc., 829 F.3d 616, 625-26 (8th Cir. 2016). The doctrine limits an employee's damages to the period "from the date of the unlawful discharge to the date the new information was discovered." McKennon v. Nashville Banner Pub. Co., 513 U.S. 352, 362 (1995). It is unclear whether the after-acquired-evidence doctrine is an affirmative defense that must be pled in the answer, but Qwinstar moves to include the defense in its Answer "in an abundance of caution." (Pl.'s

4

Supp. Mem. (Docket No. 166) at 9.) Qwinstar plans to use the doctrine to present evidence regarding Anthony's criminal convictions and misrepresentation of ownership, both of which are grounds for "for cause" termination under the EA.

Qwinstar has demonstrated good cause to amend its pleadings to add the after-acquired-evidence doctrine. Both Anthony's criminal convictions and ownership misrepresentation arose more than two years after this case began and long after the pleading stage. In fact, Qwinstar did not definitively determine the true owner of Pro Logistics until September 7, 2018. Qwinstar has pursued these new issues with reasonable diligence, seeking judicial notice of Anthony's convictions in the Eighth Circuit and requesting to reopen discovery once it learned that Anthony was not the sole owner of Pro Logistics. As such, the Court finds that Qwinstar has acted with reasonable diligence and has shown good cause to amend the pleadings.

Further, both parties need additional time to conduct further discovery to determine the scope and materiality of the new evidence and prepare these issues for trial. Allowing Qwinstar to amend the pleadings is the most appropriate method of ensuring that this relevant evidence is pursued, and introduced, properly. The added time will also prevent Defendants from suffering undue prejudice, as they can now conduct additional discovery and address the after-acquired-evidence doctrine thoroughly. Although this case is three years old, the interest in pursuing this new evidence appropriately outweighs any harm additional delay might cause. Qwinstar's Motion to Amend is granted.

5

B.   **Motion for Summary Judgement**

Summary judgment is proper if there are no disputed issues of material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  The Court must view the evidence and inferences that "may be reasonably drawn from the evidence in the light most favorable to the nonmoving party."  Enter. Bank v. Magna Bank of Mo., 92 F.3d 743, 747 (8th Cir. 1996).  The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  A party opposing a properly supported motion for summary judgment may not rest on mere allegations or denials, but must set forth specific facts in the record showing that there is a genuine issue for trial.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986).

Defendants seek summary judgment on their breach-of-contract counterclaim.  Defendants claim that Qwinstar breached the contract by failing to fire Anthony for cause and for failing to continue to pay Anthony's salary after he was terminated.  The Eighth Circuit has already ruled that Defendants' counterclaim is premature for summary judgment.  Qwinstar, 882 F.3d at 754.  However, Defendants argue that they have since supplemented the record to clarify all ambiguities, and summary judgment is now proper.  (See Defs.' Supp. Mem. at 16-17.)  Defendants' primary addition to the record is a declaration from Anthony regarding the parties' intent while drafting the EA.  (See Docket No. 171.)

Defendants have failed to show that there is no genuine issue of material fact regarding Anthony's termination or the contractual provisions at issue in this case.  The

6

Eighth Circuit has already heard Defendants' arguments and determined that summary judgment is inappropriate. The new Anthony declaration does not erase contradictory statements from his prior depositions, nor does it provide new, objective evidence resolving the ambiguities and issues of fact regarding contract interpretation. Additionally, Qwinstar cites to several pieces of evidence in the record showing that there are genuine fact issues for trial. The termination provisions in the EA are ambiguous, there is question whether Anthony was fired for cause, and the parties' intent regarding Anthony's salary is unclear. In sum, the factual disputes surrounding the EA remain, and only a jury can decide what these contractual provisions mean and how they apply to Anthony's termination.

**CONCLUSION**

New evidence has come to light, and it is appropriate for Qwinstar to amend its answer and for the parties to have additional time for discovery. Additionally, Defendants have failed to show there is no genuine issue of material fact on their breach-of-contract counterclaim.

Accordingly, **IT IS HEREBY ORDERED that**:

1. Plaintiff's Motion to Amend (Docket No. 164) is **GRANTED**;

2. Defendants' Second Motion for Summary Judgment (Docket No. 168) is **DENIED**;

3. Plaintiff shall have until November 21, 2018, to amend their answer; and

4. The parties shall have until March 1, 2019, to conduct discovery, and until April 1, 2019 to file dispositive motions. This case shall be ready for trial on June 1, 2019.

Dated:  November 8, 2018

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge