UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Qwinstar Corporation,                                  Civ. No. 15-2343 (PAM/BRT)

                 Plaintiff,

v.                                                     **MEMORANDUM AND ORDER**

Curtis Anthony and Pro
Logistics, LLC

                 Defendants.

---

This matter is before the Court on Defendants' Motion in Limine and Objections (Docket No. 227) to Magistrate Judge Becky R. Thorson's Order compelling the deposition of Curtis Anthony. (Docket Nos. 221, 222.)

After the Eighth Circuit remanded this matter, the Court granted Qwinstar's Motion to Amend, allowing Qwinstar to assert the after-acquired evidence doctrine. (Docket No. 201.) The Court also reopened discovery and dispositive-motion practice. Qwinstar then sought to take the deposition of Defendant Curtis Anthony, who is currently incarcerated. Defendants objected, Magistrate Judge Thorson granted Qwinstar's motion to compel the deposition, and the instant motion practice followed.

Defendants claim that Qwinstar has failed to show that a third deposition of Anthony is necessary. Defendants further argue that Judge Thorson erred by failing to enter a protective order precluding Qwinstar from taking Anthony's discovery deposition. Defendants request an order (1) denying the discovery deposition of Anthony; and (2) granting leave for Anthony to testify via "contemporaneous electronic transmission" at trial. (Defs.' Supp. Mem. (Docket No. 228) at 14.)

"The standard of review applicable to an appeal of a Magistrate Judge's order on nondispositive pretrial matters is extremely deferential." Roble v. Celestica Corp., 627 F. Supp. 2d 1008, 1014 (D. Minn. 2007) (Tunheim, J.). But even were the Court to use a more stringent standard of review, Defendants' objections are entirely without merit.

Qwinstar has established the necessity of another deposition of Anthony. This Court re-opened discovery with the specific purpose of allowing the parties to obtain more information regarding Qwinstar's new after-acquired-evidence defense, which specifically relates to new facts and evidence that have come to light about Anthony. Another deposition is necessary so that Anthony may be questioned about "facts that occurred or were discovered by Qwinstar after Anthony's last deposition years earlier." (Pl.'s Opp'n Mem. (Docket No. 232) at 9.)

Further, a protective order is not "required" in this matter as Defendants suggest. Although Defendants cite to Fed. R. Civ. P. 26(c), it appears that they are in fact relying on Fed. R. Civ. P. 26(b)(2)(C). But Rule 26(b)(2)(C) does not mandate a protective order in this instance. The Rule states:

> [T]he court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:
>
> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>
> (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Id.

None of these subsections apply here. First, the discovery sought is not unreasonably duplicative, and Qwinstar has not had ample opportunity to obtain the relevant information. As noted, this Court re-opened discovery for this very purpose. Finally, the subject matter of the deposition is within the boundaries of Rule 26(b)(1), because it relates to Qwinstar's new "claim or defense." Fed. R. Civ. P. 26(b)(1). Defendant's request for a protective order is denied. The deposition of Anthony will proceed as Magistrate Judge Thorson ordered, and the deposition may be taken for any purpose.

And Defendants' request that Anthony appear by contemporaneous electronic transmission, either by video or audio, is similarly denied. Such a process would be unduly burdensome and complicated, as Anthony's deposition testimony should be fully admissible at trial.

Additionally, Defendants' insistence that a discovery deposition and trial deposition must occur in a specific order is incorrect. The parties must work together to obtain all testimony from Anthony, both for discovery and trial purposes. Anthony's deposition will proceed according to the Federal Rules of Civil Procedure, and the Court reminds counsel that it is improper to instruct witnesses not to answer a question posed during a deposition unless the Rules permit it.

Finally, the Court must comment on the lack of civility in the parties' submissions. The Court expects the parties to work together to complete discovery and prepare this case for dispositive motions and trial. That Defendants have yet to allow Qwinstar to schedule

a deposition of Anthony is inexcusable. The Court will not in the future countenance anything from counsel other than cooperation and civility.

Accordingly, **IT IS HEREBY ORDERED that**:

1. Defendants' Motion in Limine and Objections to the January 31 and February 1 Orders (Docket No. 227) is **DENIED**; and

2. The parties will cooperate to arrange a date and time for the deposition of Curtis Anthony no later than March 15, 2019.

Dated:  February 25, 2019

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge