UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Qwinstar Corporation,

Plaintiff,

v.

Curtis Anthony and Pro
Logistics, LLC,

Defendants.

Civ. No. 15-2343 (PAM/BRT)

**MEMORANDUM AND ORDER**

---

This matter is before the Court on Defendants' Objection (Docket No. 248) to Magistrate Judge Becky Thorson's Order denying Defendants' Motion for a Protective Order. (Docket No. 247.) For the following reasons, Judge Thorson's Order is affirmed.

The facts underlying this discovery dispute are fully set forth in Judge Thorson's March 11, 2019, Order. Defense counsel alleges that Judge Thorson erred by requiring their law firm to pay the costs associated with rescheduling the deposition of Defendant Curtis Anthony, and by denying their request to appear for the deposition telephonically.

"The standard of review applicable to an appeal of a Magistrate Judge's order on nondispositive pretrial matters is extremely deferential." Roble v. Celestica Corp., 627 F. Supp. 2d 1008, 1014 (D. Minn. 2007) (Tunheim, J.). A reversal of a magistrate judge's nondispositive order is "warranted only if the ruling is clearly erroneous or contrary to law." Coons v. BNSF Railway Co., 268 F. Supp. 3d 983, 991 (D. Minn. 2017) (Wright, J.). A magistrate judge's ruling is clearly erroneous when "the reviewing court is left with the definite and firm conviction that a mistake has been committed." Wells Fargo & Co. v. United States, 750 F.Supp.2d 1049, 1050 (D. Minn. 2010) (Schiltz, J.).

Defendants first argue that Judge Thorson's Order is contrary to law because it was improper to order defense counsel to pay for the costs associated with rescheduling Anthony's deposition under Fed. R. Civ. P. 37. This argument is without merit. "The Court has wide discretion in fashioning sanctions to remedy discovery abuses." InCompass IT, Inc. v. XO Commn's Serv's, Inc., No. 10cv3864, 2012 WL 13027053, at *3 (D. Minn. Jan. 3, 2012) (Nelson, J.). Further, requiring a party to pay the reasonable expenses caused by their failure to follow a court's order regarding discovery is a proper remedy. Fed. R. Civ. P. 37(b)(2)(C). This Court has repeatedly ordered Defense counsel to schedule and take this deposition at an agreed-on time and in person. Defense counsel failed to do so according to the parameters and deadlines the Court established. While defense counsel claims they were unavailable to take Anthony's deposition on March 11-12, dates they had previously agreed to, they did not provide adequate information regarding their unavailability to opposing counsel or the Court in a timely manner. They did not explain Ms. Shannon's unavailability until ordered to do so. When they finally provided information, it was inadequate. Accordingly, because defense counsel continues to fail to take this deposition as ordered, it was within Judge Thorson's discretion to order sanctions under Rule 37.

Defendants also argue that Judge Thorson erred by denying their motion to appear at the deposition telephonically, and that she failed to consider the evidence regarding defense counsel's inability to travel. As stated in Judge Thorson's Order, this Court has already indicated that this deposition is to be taken in person. Furthermore, it is within Judge Thorson's discretion to order that the deposition be taken in person, given the myriad

2

issues that have arisen with scheduling and taking Anthony's deposition. Defense counsel has also not established that Judge Thorson failed to adequately consult the record. Therefore, counsel's arguments on this point are without merit.

Finally, the Court has reviewed Ms. Smith's amended doctor's letter. The amended letter establishes that Ms. Smith cannot currently travel due to her medical condition. However, the letter does not state when she will be able to travel in the future. Accordingly, the Court expects the parties to work together to schedule Anthony's deposition in person, either by Ms. Smith if her condition improves, or by Ms. Shannon if Ms. Smith remains unable to travel.

Accordingly, **IT IS HEREBY ORDERED that**:

1. Defendants' Objection to Discovery Ruling (Docket No. 248) is **DENIED**; and

2. Magistrate Judge Thorson's Order (Docket No. 247) is **AFFIRMED**.

Dated: March 18, 2019

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge